## HODGES v. HOOLE.

1. A trustee of a married woman, to preserve her separate estate, is not responsible for medical services rendered to slaves, constituting her separate estate, they not being in his possession, or the services rendered at his request, and he never having promised to pay the value of the services.

Writ of Error to the Circuit Court of Barbour.

This was a proceeding instituted before a justice of the peace, and judgment being rendered against the plaintiff in error, Hodges, appealed to the circuit court, and gave bond with J. Buford as his surety. The case being removed to the latter court, the plaintiffs below declared against Hodges in *indebitatus assumpsit* for forty-five dollars; thereupon an issue was submitted to a jury, who returned a verdict in favor

23

Hodges v. Hoole.

of the plaintiffs for forty-five dollars, and judgment was rendered thereon against the defendant and his surety for the appeal.

A bill of exceptions was sealed at the instance of Hodges, from which it appears that he was a trustee of Martha R. W. Booth, a *feme covert*, and that the plaintiffs had rendered medical services to the amount of $45 to slaves, part of the separate estate of Mrs. Booth, at her request. This was the only cause of action proved. The court charged the jury, that under the statute of this State requiring appeals from justices of the peace to be tried according to justice and equity, the plaintiffs were entitled to recover.

J. BUFORD, for the plaintiffs in error, insisted that a court of law could not entertain a suit against the trustee in respect to the estate of his *cestui que trust*. It cannot there appear what is the state of his account, or that his liability does not exceed the trust estate in his hands. De Bard v. Smith, is unlike the present.

CATO, for the defendants in error. The amount in controversy being less than fifty dollars, a court of chancery cannot entertain jurisdiction, unless justice most obviously demands it. [3 Stew. & P. Rep. 284; 3 Ala. Rep. 756.] In directing that the trial of cases originating before justices of the peace should be governed by liberal views of justice and equity, the object was to save expense to litigants, and in cases so unimportant, prevent a resort to equity. The terms of the statute, as well as its spirit, embrace a case like the present.

COLLIER, C. J.—The cases cited for the defendant in error lend no support to the judgment of the circuit court. In Williams, et al. v. Berry, et al. 3 Stewart & P. Rep. 284, the court cited the act of 1819, which provides that appeals from the judgments of justices of the peace shall be tried "according to the justice and equity of the case, without regarding any defect in the warrant, *capias*, summons, or other proceeding of the justice before whom the same was tried." *Further*, where the sum claimed does not exceed twenty

Hodges v. Hoole.

dollars, the plaintiff or defendant may be examined on oath, and judgment shall be given "as the right of the cause may appear" to require. These enactments, it was supposed, were intended to secure to the parties in suits under fifty dollars, originating before justices of the peace, all the justice and equity to which they were entitled; especially where the amount in controversy did not exceed twenty dollars. "If in any such cases," say the court, "the regular interposition of chancery can be allowed, we think it can only be where the sum exceeds that sum—excluding the testimony of the parties: and where, under peculiar circumstances, justice obviously demands the interference." In Wood v. Wood, et al. 3 Ala. Rep. 763, we say it had been considered that the statutes regulating appeals from justices of the peace, and the mode of trial in the higher court, secure to the parties all the justice and equity to which they are entitled; especially where the amount in controversy does not exceed twenty dollars. "Consequently, it has been holden, that if in any such case, chancery will interfere, it must be where the amount in controversy exceeds" that sum.

These cases, it is clear, are not decisive of the one before us. It is not intimated, that the statutes referred to, invested justices of the peace with jurisdiction of cases of exclusive equitable cognizance; but only, that in cases of which they had jurisdiction, they should be controlled by enlarged and liberal principles of justice. But conceding that these enactments were intended thus to extend the powers of these functionaries, and the question then arises, has the plaintiff shown any title to redress against the trustee of Mrs. Booth. He does not appear to have had the possession and control of her separate estate; nor does it seem to have been proved that the plaintiffs rendered their medical services at his instance, or that he promised to pay them. In the absence of all evidence of this kind, the defendants are not chargeable in any *forum*. The consent of an individual to the insertion of his name as a trustee in a deed settling property for the benefit of a married woman, cannot impose on him the obligation to pay for the preservation or safe-keeping of that property. True, he may extend his powers and obligations as a trustee, by the stipulations of the deed, or the control he is permitted

to exercise over the property. [2 Story's Eq. 242.] But the deed is not before us, and nothing else is shown than that the defendant was a trustee for a *feme covert*—merely for the purpose of upholding her interest against her husband and his creditors. In this posture of the case, the defendant is not liable to pay the plaintiffs' account. The judgment is consequently reversed, and the cause remanded.