## DAVIS *versus* HERRICK.

In this State, to protect her own property, a married woman may maintain an action in her own name.

And she may hold property without paying for it an adequate consideration, by direct or indirect conveyance from her husband, against his creditors *subsequent* to such conveyance.

If the conveyance was made to defraud *existing creditors*, whose debts were *subsequently* paid, the wife will hold the property against *subsequent creditors* of her husband.

ON EXCEPTIONS from *Nisi Prius*, WELLS, J., presiding.

TRESPASS, for pulling down and carrying away a barn.

The taking of the barn was admitted on the trial, and the defendant claimed title by purchase at an auction sale. It appeared that Joseph D. Davis, the husband of the plaintiff, became indebted to the defendant in September, 1851, on which debt judgment was obtained, and execution issued, upon which the barn was sold in due course of law.

Davis built the barn upon land not his own, by consent of the owner, and on April 1, 1850, he transferred it by bill of sale to the owner of the land, in payment of rent of the same, who on the same day conveyed the land and buildings to the plaintiff.

The defendant offered evidence to impeach the bill of sale as fraudulent; but the presiding Judge ruled, *that* the statute of August 2, 1847, c. 27, changed the common law principle, by which a sale which was fraudulent against existing creditors would be void against subsequent ones; and *that* although the sale of the barn from Raynes to the plaintiff was void as against them and prior creditors of the husband, it could not for that reason be impeached as fraudulent by the defendant, whose debt accrued subsequently to said sale, and he refused to receive the testimony offered.

The jury returned a verdict for plaintiff and the defendant excepted.

*C. W. Goddard,* for defendant.

1. Does the proviso in the first section of the Act of 1844, c. 117, and the substitution of the clause in the first

section of the Act of 1847, c. 27, cut off subsequent creditors from any proof whatever if fraudulent intentions and fraudulent acts, however gross and palpable, of whatever nature, in conveyances to married women?

Will this Court construe the Act of 1847, to remove all checks and barriers against fraud in conveyances to married women, so far as subsequent creditors of the husband are concerned?

Can the Legislature have intended to offer a *premium* to dishonesty and fraud in conveyances to married women, while they sanction a rigid scrutiny of similar conveyances to all other persons?

2. We understand the Act of 1847, simply to relieve conveyances to married women from that *legal presumption of fraud,* which both by common law and by the statute of 1844 attached to them, when coming directly or indirectly from the husband, even in the absence of any *evidence* of fraud, and to place such conveyances, so far as subsequent creditors should be concerned, on the same footing as other transfers, viz: without any *presumption of fraud,* but *yet open to impeachment.*

3. The Legislature could not have designed to repeal so well known a rule of the common law, and one so proper and necessary, by *inference and implication* merely, nor to legislate so dangerous a principle into our statutes by an *exception.*

*J. Goodenow,* for plaintiff.

SHEPLEY, C. J. — The action is trespass for pulling down and carrying away a barn, commenced by the wife of Joseph D. Davis. She may, by a statute of this State, maintain a suit to protect her own property.

A tract of land appears to have been conveyed by Edward Little to Joseph Raynes, a brother of the plaintiff, on May 24, 1837. The plaintiff's husband, by the permission of Raynes, built the barn on that land. He conveyed it by bill of sale to Raynes, on April 1, 1850, and Raynes

conveyed the land, and barn upon it, to the plaintiff on the same day. Her husband became indebted to the defendant afterward, in September, 1851; and he caused a sale of the barn to be duly made on an execution issued on a judgment founded upon that debt, and became the purchaser of it.

He offered testimony to prove the conveyance of it to the plaintiff, to have been fraudulent; and the testimony was excluded, because the defendant was a subsequent creditor of the husband, claiming title under him.

For the consideration of the question, thus presented, the building may be regarded as conveyed indirectly by the husband to his wife, through the intervention of Raynes, which is the most favorable aspect of the case for the defendant.

The second section of the Act of August 2, 1847, c. 27, provides, if it shall appear, that property was conveyed after marriage by the husband to his wife, " directly or indirectly, without adequate consideration, so that the creditors of the husband might thereby be defrauded, the same shall be held for the payment of the prior contracted debts of the husband." This is equivalent to an enactment, that it shall be held only for prior contracted debts. A construction, which would subject it to the payment of other debts, must destroy the effect of the words "prior contracted." When an Act declares under what circumstances property shall be held for the payment of the debts of former owners, who have conveyed it, that of necessity, excludes all other circumstances.

The intention of the framers of the statute, appears to have been, to allow a husband to pay for property conveyed to his wife, with his own money or property, and to allow his wife to hold it, unless the creditors then existing of the husband, should thereby be defrauded. Any other construction might render all such conveyances ineffectual, if the husband should afterward contract debts and become insolvent. If such conveyances be made to defraud existing creditors, whose debts have been since paid, the property would not, under the provisions of the statute, while

it would by the common law, be subject to be taken for the payment of debts subsequently contracted. For the Act provides, that if conveyed "so that the creditors of the husband might thereby be defrauded, the same shall be held for the payment of the prior contracted debts of the husband;" and this excludes those subsequently contracted.

A motion has been made by the counsel for the plaintiff, that treble damages should be awarded, by virtue of the statute respecting malicious mischief; but the report of the case presents no facts authorizing it, and it provides, that judgment should be upon the verdict if the testimony was properly excluded.            *Judgment on the verdict.*

HOWARD, RICE, HATHAWAY and CUTTING, J. J., concurred.