Collen *v.* Kelsey.

---

## COLLEN *versus* KELSEY.

By c. 117, § 3, of Acts of 1844, it is provided, that any married woman possessing property by virtue of that Act, may release to the husband the right of control of such property, and he may receive and dispose of the income thereof, so long as the same shall be appropriated for the mutual benefit of the parties.

For an injury to the property of the wife, although the control of it might be released to her husband under this provision, the action must be brought in the name of the wife.

ON EXCEPTIONS.

THIS was an action to recover damages suffered by the plaintiff in his mare for want of due care of her while performing a journey in the service of defendant, and was tried before RICE, J., under the general issue.

Evidence was introduced by defendant, tending to show, that the mare belonged to plaintiff's wife, and he requested the Judge to instruct the jury, that it was incumbent on the plaintiff to show, if the property was in the wife, that he had control of it in manner prescribed by c. 117, § 3, of the Acts of 1844, in order to recover in this action.

This request was declined, the Judge having already instructed the jury, that if the plaintiff had absolute control of the property and had it in his possession, exercising full control over it, then he might maintain the action, but if he was acting as agent for his wife or any other party, and made his contract with defendant as agent, then the action should have been brought in the name of the principal.

The verdict was for plaintiff.

*Morrill & Fessenden,* in support of the exceptions.

*Goddard, contra.*

APPLETON, J. — The object of statute 1844, c. 117, § 3, was to enable the husband to control the estates of the wife, with her consent, without which it is clear, that by its other provisions he would have no such right. This section provides, that " any married woman, possessing property by virtue of this Act, may release to the husband the *right of control of such property,* and he may *receive and dispose of the income thereof, so long as the same shall be appropriated for the mutual benefit of parties.*" It is apparent, that the title was to remain in the wife, and that when controlled by the husband its beneficial use was to be for " the mutual benefit of the parties." The object of the statute was to confer on the husband the management of the property within prescribed limits with the consent of the wife and under authority derived from her. The " control" was to remain only while the " income" was appropriated for the " mutual benefit of the parties." The right of action for any injury to the property over which the husband was exercising control, would have been in the wife equally after such release as before. It in no way affects the right of action. The

instruction, if given as requested, would have been errone-
ous and was properly refused.

No objections are urged against the instructions given.
It is not therefore, necessary to examine them particularly,
as their correctness is not made a matter of question.

*Exceptions overruled. —*
*Judgment on the verdict.*