## ALBIN v. LORD.

Possession of land, unexplained, is sufficient to enable the possessor to maintain trespass against a mere wrong doer.

A married woman, holding real estate to her sole and separate use, under the provisions of the statute of 1846, possesses the same rights and powers, and is entitled to the same remedies, at law and in equity, in respect to such property, as if she were sole and unmarried; and she may rent or lease the same to her husband or any other person.

Where a wife, holding a farm to her sole and separate use, lives upon it with her husband and family, and he is shown to have occupied, managed and controlled it for a long series of years, taking the crops, rents and profits, and disposing of the wood, timber and other products, as if he were the absolute owner, he must be presumed *primâ facie* to have had the rightful and beneficial possession of the farm, as her tenant, upon some satisfactory arrangement with her, by parol or otherwise; and is, therefore, entitled to maintain trespass. If there be doubt upon the question, the capacity to contract existing between the wife and her husband, it is for the jury, and not for the court, to determine the character of his possession.

TRESPASS, *quare clausum*, and cutting and carrying away timber, and picking and carrying away cranberries.

It appeared that the plaintiff, in 1844, negotiated with one French for said land, and that, by the plaintiff's request, the land was conveyed by French to Betsey White, mother of the plaintiff's wife: that the plaintiff, with his wife, moved into the house on said land, and there resided till after the date of the alleged trespass: that the plaintiff cut wood and timber from the land, and paid for it out of the proceeds: that the deed was given to Mrs. White, to secure her for signing a note for the price of the farm: that after the plaintiff had thus paid for the farm, the said Betsey, at the request of the plaintiff, conveyed the land, by deed of April 21, 1851, which was put in evidence by the plaintiff, to Emily W. Albin, wife of the plaintiff, to be held by her "in her own right, to her own use, free from the control and interference of her husband." The evidence tended to show that the plaintiff,

during the whole period while he was upon the farm, had control of it, taking the rents and profits, cutting wood and timber, and conducting its affairs in all respects as if he were owner in fee simple; and that the acts complained of were all committed after the execution of the last named deed.

The defendant moved for a nonsuit, because the plaintiff had not shown such possession as to support this action. The plaintiff moved for leave to amend his writ by inserting therein the name of his wife, joining her as plaintiff with himself, to which the defendant objected.

The court overruled the motion of the plaintiff, because the court had no power to allow such amendment, and ordered a nonsuit, for the cause aforesaid; and the plaintiff excepted and filed this bill of exceptions, which was allowed by the court.

*Flint & Bryant,* for the plaintiff.

The plaintiff had possession of the *locus in quo.* He occupied it as his own, and took the rents and profits of it to his own use. What more could be necessary to enable him to maintain trespass.? He being in possession in this way, no one else, not even his wife, could maintain trespass, she not being in possession. *Graham* v. *Peat,* 1 East 144, 246; wherein Lord *Kenyon,* C. J., says, "Any possession is a legal possession against a wrong doer." In *Harker* v. *Birbeck,* 3 Burr. 1563, Lord *Mansfield* says, "Whoever is in possession may maintain an action of trespass against a wrong doer to his possession." *Cary* v. *Holt,* 2 Strange R. 1238; 1 Ch. Pl. 174–176; *Crosby* v. *Wadsworth,* 6 East 602. Tenant at will or at sufferance may maintain this action. 1 Ch. Pl. 176.

The plaintiff bought this land and paid for it. He was the *cestui que trust* of the land. *Scoby* v. *Blanchard,* 3 N. H. 170; *Pritchard* v. *Brown,* 4 N. H. 397; 1 Greenleaf's Cruise 339, 357; 4 Kent Com. 293, 305, 306. And

*quære* if the statute of uses did not vest the legal title in him. *New Parish in Exeter* v. *Odiorne,* 1 N. H. 232, 237.

The *cestui que trust* in possession is the proper party to sue in trespass; 1 Ch. Pl. 62; and is tenant at will; 1 Greenleaf's Cruise 339; and his title will pass by the levy of an execution on the land; *Pritchard* v. *Brown,* 4 N. H. 404; and is real estate, and will enable the owner to gain a pauper settlement; *Pembroke* v. *Allenstown,* 21 N. H. 107. But if the court should be of opinion that the plaintiff could not maintain this suit alone, still his possession was such, and his relations as husband of the owner were such, that he and his wife jointly could maintain the suit. And the court, beyond all question, had the power to grant the amendment and allow the wife to be joined. *Johnson* v. *Brown,* 31 N. H. 410, 406, 411; Compiled Statutes, ch. 198, sec. 18.

*Minot & Mugridge,* for the defendant.

The question in this case is not the general one, whether possession is sufficient to maintain an action in this form, but whether the plaintiff had such possession as is in law required for that purpose. The presumption of law is in favor of possession in subordination to the true title. In this case, then, the title being in the wife, and she living on the premises, the possession, in law, was in her. The plaintiff was merely her servant or agent. This presumption cannot, in this case, be rebutted by evidence to the contrary. Not by evidence to show that the plaintiff was holding adversely, because, in fact, he did not so hold, as appears by his offering in evidence the deed to his wife as the title under which he claimed, and in law he, being the husband, could not hold adversely to the wife; nor by evidence to show that he was holding as tenant, because that relation cannot in law exist between husband and wife.

The plaintiff cannot claim to maintain this action as being in possession by disseizin, because in law the husband cannot be disseizor to the wife ; and besides, in fact, there was no disseizin, the wife being on the premises. *Towle* v. *Ayer*, 8 N. H. 57.

The wife, in this case, could maintain an action in this form against the defendant. Her title, of itself, would give her constructive possession sufficient for that purpose. *Chandler* v. *Walker*, 21 N. H. 282 ; *Warren* v. *Cochran*, 30 N. H. 379. Besides, the case shows that she had actual possession, and a recovery by the plaintiff in this action would not bar the wife's right to an action. The conveyance to the wife was in accordance with the provisions of Compiled Statutes (ch. 158, sec. 13), and by section 15 of the same chapter, she is entitled to all remedies in her own name for any injuries thereto, as if a *feme sole*. No act of the husband—as in this case, by an action in his own name—can deprive the wife of her rights under the statute.

Can the plaintiff, then, maintain this action, and thus the defendant be held responsible to two different parties for the same matter; to this plaintiff, for injury to *his* possession, and at the same time to his wife, for injury to *her* possession ?

The general terms of section 15, before referred to, might be construed as giving the wife remedies, even against her husband, as to her exclusive property. But it was not, as we suppose, the intention of those provisions to change the principles of common law relative to the incapacities of husband and wife to make contracts with or maintain suits against each other. As against her husband, relief to the wife, relative to her separate property, can be secured by conveyance to trustees, as provided for by section 18, or perhaps by proper proceedings in chancery.

There was no resulting trust to the husband in this case.

The use or trust is expressly limited in the deed to the wife exclusively, free from any control or interference of the plaintiff. See *Graves* v. *Graves*, 29 N. H. 129, and *Farrington* v. *Barr*, 36 N. H. 89. Besides, the conveyance having been made to the wife by the express direction of the plaintiff, the presumption is that it was intended as a gift, and so there was no, resulting trust in his favor. *Farley* v. *Blood*, 30 N. H. 354. Again, the deed to the wife shows clearly and expressly the intention of the parties to secure the property to the wife without any interest or right in the husband; and, under such circumstances, no resulting trust can be raised in favor of the husband. *Dow* v. *Jewell*, 21 N. H. 489.

The motion to amend was properly denied. The statute authorizes such amendment only in case of a plea in abatement. There was no such plea in this case. Besides, the amendment proposed would not obviate the difficulty in the case. The action should be by the wife alone.

FOWLER, J. Upon the facts of the case, the plaintiff, at the time of the alleged trespass, was in possession of the premises, and had been so for several years, taking the rents and profits from year to year to his own use; and this was sufficient, *primâ facie*, on general and well recognized principles, to entitle him to maintain trespass against a wrong doer. Mere possession was sufficient for this purpose. *Anderson* v. *Nesmith*, 7 N. H. 167; *Sinclair* v. *Tarbox*, 2 N. H. 135; *Wendell* v. *Blanchard*, 2 N. H. 456; *Moor* v. *Campbell*, 15 N. H. 208; *Chandler* v. *Walker*, 21 N. H. 282; *Brown* v. *Manter*, 22 N. H. 468; *Berry* v. *Garland*, 26 N. H. 473; *Todd* v. *Jackson*, 2 Dutch. (N. J.) 525; *Owings* v. *Gibson*, 2 A. K. Marsh. 515; *Hunt* v. *Rich*, 38 Me. (3 Heath) 195; *Lyford* v. *Toothaker*, 39 Me. (4 Heath) 28.

The claim was that the defendant broke and entered the plaintiff's close, cut and carried away timber, and

picked and carried away cranberries. The legal title being shown not to have been in the plaintiff, but in his wife, it is perhaps doubtful whether, so far as the cutting and carrying away of timber are concerned, anything more than nominal damages could be recovered in the present suit; but we think it quite clear that for the picking and carrying away of cranberries, which are an annual crop, full damages might be recovered. *Todd* v. *Jackson*, 2 Dutch. (N. J.) 525.

We have thus far considered the case without reference to the statute of 1846, under which it is conceded the plaintiff's wife held the farm to her sole and separate use, on which the alleged trespass was committed; and the defendant contends, that however otherwise it might have been if any one else than the plaintiff's wife had owned the farm, the plaintiff cannot now maintain his action, because, while his wife held the farm under the provisions of that act, and lived on it with him, he could not have such a possession of it as would enable him to maintain trespass; in other words, that he could not be the tenant of his wife's farm. By that statute, [Laws of 1846, ch. 327, sec. 2; Comp. Laws, ch. 158, sec. 13,] it is provided, that "any devise, conveyance or bequest of property, real, personal or mixed, may be made to any married woman, to be held by her without the intervention of a trustee, to her sole and separate use, free from the interference or control of her husband; and she shall hold, possess and enjoy the estate so given, devised, conveyed or bequeathed, accordingly; and shall, in like manner, hold any property which she may receive under the provisions of any deed of trust, made either before or after marriage."

Section 4 of the act, [Comp. Laws, ch. 159, sec. 15,] provides that "married women, in the cases aforesaid, shall, in respect to all such property, have the same rights and powers and be entitled to the same remedies, in their own

names, at law and in equity, and be liable to be sued at law and in equity upon any contract by them made, or any wrong by them done in respect to such property; and also upon any contract by them made or wrongs by them done before their marriage, in the same manner and with the same effect as if they were unmarried."

The 17th section enacts, that in case any such married woman "shall die intestate, all her right and interest in the personal property thus held shall vest in her husband, unless other provision is made in relation thereto by the terms of the contracts or conveyances" by which she holds the property; and that the husband shall be entitled to his estate by the curtesy in all lands and tenements so held by her. He is, however, required to take administration on the estate of his wife, and hold all the property, except the right by curtesy, subject to her debts.

The provisions of this statute received a partial consideration by the court in *Bailey* v. *Pearson,* 29 N. H. 77; and it was there holden that under them a *feme covert* cannot contract and be liable for debts generally, so as to subject her separate property to their payment, but that her contracts, to be valid, must be confined to and connected with the property itself; that her liabilities, under the fourth section of the act, are, first, contracts made in regard to the property itself; secondly, wrongs committed with the property; and, thirdly, contracts made by, and causes of action existing against her while sole before her marriage. The tenor of the opinion is to the effect, in substance, that so far as the property holden by married women under such circumstances is concerned, they are to be regarded as unmarried persons; that they may sell, lease, mortgage, cultivate and improve, or otherwise manage and dispose of the same according to their own pleasure, precisely as if they were unmarried; but that, except in relation to the property itself, their marital incapacities continue as before.

Substantially the same views have been expressed by the Supreme Court of Massachusetts in construing their act of 1845, of which ours of 1846 is almost an exact copy, in *Beal* v. *Warren*, 2 Gray 447; where it was holden that a conveyance by a married woman of land which she held under the statute, in which her husband did not join, passed a valid title to the premises, subject only to the husband's right of curtesy provided for in the 7th section of their act, as in the 17th section of ours. The like doctrine has been holden in relation to the provisions of similar statutes of these respective States: In Maine, in *Davis* v. *Herrick*, 37 Me. 397; *Collen* v. *Kelsey*, 39 Me. 298; in New-York, in *Blood* v. *Humphrey*, 17 Barb. 660, and *Colver* v. *Currier*, 22 Barb. 371; in Alabama, in *Roper* v. *Roper*, 29 Ala. 247; *Hooper* v. *Smith*, 23 Ala. 639, and *McCram* v. *Pope*, 17 Ala. 612; in Maryland, in *Cooke* v. *Husbands*, 11 Md. 492; and in Florida, in *Maiben* v. *Bell*, 6 Flor. 381.

The language of the act of 1846 is broad and quite comprehensive. It gives, in terms, to a married woman holding property by this tenure, the same rights and powers, and entitles her to the same remedies at law and in equity, in relation to such property, as if she were unmarried. It confers upon her authority to make contracts in respect to it, and makes her liable to be sued at law and in equity upon such contracts, and also for any wrongs done or committed by her as to the property. We think, therefore, that the intention of the act was to give to the wife as full power over property, thus held by her, to sell, lease and otherwise dispose of it to whomsoever she chooses, as if she had never been married; and that, so far as such property is concerned, she is to be treated and regarded, to all intents and purposes, as a *feme sole*. In other words, it seems to us that the design and effect of the statute were to enable a married woman to take and enjoy the same title and estate, by law, in property holden by her to

her sole and separate use under its provisions, without the intervention of a trustee, as under the decisions of courts of equity she had, in equity, to property thus held; that is to say, to convert what was before an equitable, into a legal estate, and dispense with the necessity of a trustee. *Colver* v. *Currier*, 22 Barb. 371. And it has been long well settled in equity, that when a *feme covert* has an equitable title to property for her sole and separate use, she has full power and authority to dispose of it by any suitable act or instrument in her life-time, or by her last will, in the same manner and to the same extent as if she were a *feme sole.* 2 Story's Eq. Jur., secs. 1390, 1394, and authorities. So, too, she may bestow her separate property by appointment, deed or otherwise, upon her husband as well as a stranger; and a court of equity, upon her application and consent given in court, will themselves decree the property to be passed to the husband in such manner as she shall prescribe, or that the same shall be charged with or made liable for his debts. 2 Story's Eq. Jur., sec. 1396, and authorities. And when the husband, with the consent of the wife, is in the habit of receiving the income, rents, profits and dividends of her separate estate, courts of equity are accustomed to regard the transaction itself as showing her voluntary choice so to dispose of it for the use and benefit of the family; and while they regard him as holding the property as her tenant, and receiving dividends or rents and profits as her trustee, they will not ordinarily require him to account beyond the income of the last year, presuming that everything previous has been adjusted by mutual agreement. 2 Story's Eq. Jur., sec. 1396, and authorities.

In analogy to these decisions in equity, we think that where, as in the present case, it appears that a wife, who holds the legal estate in a farm to her sole and separate use, lives upon it with her husband, and he manages and controls it as if he were the absolute owner, receiving the

crops, income and profits, it is to be presumed, in the absence of any evidence to the contrary, that he holds and occupies it with her consent, as her tenant, under some lease, agreement or arrangement, verbal or written, by which the crops, rents and profits are to be appropriated by him to the benefit of the family; rather than that he carries it on for her, in the capacity of a servant or hired man. 2 Story's Eq. Jur., sec. 1396; *Roper* v. *Roper*, 29 Ala. 247. At all events, when the husband is shown to have actual possession and control of the property, and the capacity to contract exists between the parties, if there be doubt upon the question it is for the jury, and not for the court, to determine the character of his possession.

The legal title to the *locus in quo* was in the plaintiff's wife. The property was conveyed to her, to be holden "in her own right, to her own use, free from the control and interference of her husband." No rights of creditors interfere, and what was the consideration of the deed, and by whom paid, is immaterial. The conveyance was made to the wife at the plaintiff's request, and he cannot repudiate it. No question, therefore, as to the rights of a *cestui que trust* arises in the case; but the single question is, in whose name shall an action be brought for a trespass to property thus held, on which the husband and wife reside, he managing the same according to his pleasure, and receiving the income and crops. We think it must be, *primâ facie* at least, in the name of the husband, and for the reasons already suggested. The legal title is, indeed, in her, but he has the actual, and presumptively the rightful and beneficial possession. He is shown to have received and appropriated, without objection, for a long series of years successively, the rents and profits, income and crops, and must be presumed, therefore, to have holden and occupied the farm as her tenant, upon some satisfactory arrangement with her, by parol or otherwise.

With these views, the exceptions to the ruling of the court below, directing a non-suit, must prevail, and the judgment rendered thereon be vacated; so that it is unnecessary to consider the question as to the amendment.

*Exceptions sustained.*