# CASES IN CHANCERY.

## COLLINS vs. COLLINS.

Where the husband and wife are living together pending a suit for a divorce a mensa et thoro, and the wife is in no danger from personal violence, the court will not break up the family by placing the children under the exclusive control of either party.

If the wife is entitled to the income of property bequeathed to her separate use during coverture, and the husband obtains possession of it for the purposes of the trust, he will be decreed to pay to her the income.

THIS was a bill filed for a divorce a mensa et thoro.

1829.
Nov. 17th.

*J. Radcliff,* on the part of the complainant, moved for an order requiring the defendant to allow her a reasonable sum for counsel fees to enable her to carry on this suit, and also a suitable maintenance pendente lite ; and that the complainant be permitted to receive to her own use the income of her separate estate, and that she also have the custody of the children. Mr. Radcliff cited, in support of the motion, *Dumond* v. *Magee,* (4 John. Ch. R. 318 ;) *Turell* v. *Turell,* (2 id. 391 ;) *Havaland* v. *Myers,* (6 id. 25 ;) *Denton* v. *Denton,* (1 id. 364 ;) *Bedell* v. *Bedell,* (1 id. 604 ;) *Barrere* v. *Barrere,* (4 id. 187.)

*J. Hoyt,* opposed the motion, and read the answer of the defendant, in which the charges of ill usage contained in the bill were fully denied ; he also read an affidavit which stated that since the commencement of this suit the complainant had voluntarily accompanied the defendant on a journey of pleasure, during which time she had cohabited with him. Mr. Hoyt admitted the right of the complainant to an allowance for a counsel fee if she insisted upon proceeding with the suit, but denied her right, under the circumstances, to any other allowance. He cited *Denton* v. *Denton,* (1 John. Ch. R. 364.)

VOL. II. 2

THE CHANCELLOR. The allegations of ill usage made by the complainant are denied by the defendant; and to show that the complainant is under no necessity of a separate maintenance for herself and children pending the litigation, the defendant states that since the filing of the bill in this cause she has voluntarily accompanied him on a jaunt of pleasure to Albany and the Springs, during which time they cohabited together. Under such circumstances it is to be regretted that this family difficulty cannot be compromised, as well for the interest of both parties as on account of their children. There is nothing in the facts before me that can authorize the making of an order which will tend to widen the breach or to break up the family, by separating either the father or mother from the children. It is admitted by the defendant's counsel that the complainant is entitled to a reasonable sum to enable her to carry on this suit, if she insists upon going on with it. The case of *Pritchard* v. *Ames and Pritchard*, (Turner's R. 222,) shows that in the end she will be entitled to the income for life of the property in the hands of her husband, which was bequeathed by her father to her separate use for life, with remainder to her children. The husband has been in the habit of allowing her interest on this sum in quarterly payments of one hundred dollars each up to the first of May last, since which time it has been suspended. It is said the fund is invested in real estate which is unproductive; if so the wife will be entitled to have it sold, and to have the amount invested for her separate use for life, agreeably to the bequest of her father. If the husband consents to allow her the interest as heretofore, I do not think it proper to make any other order as to the separate estate pending this litigation. If he is unwilling to do this, the real estate in which her property is invested must be sold, and the money brought into the assistant register's office and invested, to abide the final decree in this cause; and in the mean time she must have the income thereof. The defendant must also advance to her or her solicitor two hundred dollars for the purpose of enabling her to go on with this suit, if she shall be advised so to do.