## ROPER vs. ROPER.

[BILL IN EQUITY TO REMOVE HUSBAND AS TRUSTEE OF WIFE'S SEPARATE ESTATE.]

1. *Right of wife, or cestui que trust, to possession and control of trust property.*—Where the estate of the wife is secured, by ante-nuptial contract, to her sole and separate use during her life, and the naked legal title is vested in her husband as trustee, she is entitled, on application to a court of equity, to the possession and control of the property, when most of it is of such a character that its enjoyment consists in its use and possession, and it does not appear that she is incompetent to manage it, or that her possession would be inconsistent with the rights of any of the *cestuis que trust.*

2. *Removal of husband from trusteeship.*—If the husband, by fraudulent design, or in disregard of the rights of his wife, or through indifference to the duties of his office, assumes the exclusive control and management of the the the trust property, a court of equity would remove him from the trusteeship ; but when his assumption of such authority is shown to be the result of a mere misapprehension of his own rights, and the trust estate has suffered no injury thereby, it is not a sufficient ground of removal ; nor will he be removed on account of a mere disagreement between him and his wife, which is not shown to have originated from his culpable conduct.

3. *Wife established in possession.*—If the evidence does not establish a sufficient ground for the removal of the husband as trustee, but shows that he assumed, through misapprehension of his own rights, the exclusive control and management of the trust property, the wife is entitled to a decree against him, establishing her in the possession and control of the property.

4. *Increase and profits of trust estate.*—The wife is entitled to the income and profits derived from her separate estate, secured to her by ante-nuptial contract ; but if the husband, while living with her, receives such income and profits, it will be presumed, in the absence of an express dissent on her part, that they were so received with her consent, and they will be regarded as a gift to him.

5. *Slave purchased by husband not a part of trust estate.*—A slave, purchased by the husband at the request of the wife, and paid for partly with the proceeds of the cotton crop belonging to her trust estate, and partly by the wife herself, will not be regarded as a part of the trust estate, when it is shown that, at the time of the purchase, the parties were living together, and that the husband received the income and profits of the trust estate under an implied gift from the wife.

APPEAL from the Chancery Court of Lowndes.

Tried before the Hon. WADE KEYES.

THIS bill was filed by Mrs. Louisa P. Roper, suing by her next friend, against her husband, Joseph F. Roper ; and its

object was, to remove him from the trusteeship of her separate estate, and to compel an account and settlement of the trust. The complainant's separate estate was secured to her by an ante-nuptial contract, executed March 18, 1850, by which, in contemplation of her marriage with the defendant, all the property of which she was then seized and possessed, both real and personal, was conveyed to the said Joseph F. Roper, as trustee, " for the sole and separate use of the said Louisa during her natural life, and at her death the same shall go to the said Joseph F. Roper in fee, if he shall survive her; but, if she should survive him, then, and in that event, at her death said estate shall go to and be distributed among the heirs of the said Joseph F. Roper." The grounds on which the removal of the husband from the office of trustee is sought, are, that he is claiming and exercising the right to the exclusive possession and control of the property ; that he is incompetent to discharge the duties of the office ; and that the estate is being injured by his mismanagement and willful neglect. The bill alleges, also, that the defendant purchased a slave, named Ely, and paid the greater part of the purchase money out of the funds of complainant's separate estate; that he took the bill of sale in his own name, and is offering the slave for sale ; and an injunction is prayed, to restrain the sale.

The defendant answered the bill ; denying all the charges of incompetency, mismanagement, or abuse of his trust ; alleging that he received the proceeds of the trust estate, until the latter part of the year 1852, with the consent of the complainant ; insisting that he had the right, under the marriage contract, to control the property during his life ; admitting that he purchased the slave Ely, and paid a small part of the purchase money with funds belonging to his wife's separate estate ; and alleging that he re-placed these funds, and that the slave is his own property.

On final hearing, on bill, answer, exhibits and proof, the chancellor rendered a decree in favor of the complainant; removing the defendant from the office of trustee, and ordering a reference to the master of the matters of account ; and this decree is now assigned as error.

THOS. WILLIAMS, for the appellant.—1. The husband, being appointed trustee in the deed, will not be removed, unless he should grossly abuse his trust. Mere inaccuracy of conduct, or mistake, or neglect of duty, is not sufficient ground for his removal : his acts or omissions must be such as to endanger the trust property, or to show a want of honesty, or of capacity to execute the trust, or of reasonable fidelity.—Story's Equity, vol. 2, §§ 1287–89, and authorities there cited.

2. The evidence does not show such misconduct on the part of the husband, as would induce a court of equity to remove him. No acts of violence on the person of the wife are charged in the bill ; and the particular acts proved, being provoked by her own misconduct, constitute no ground of removal.—David v. David, 27 Ala. 222 : The State v. Chase, 1 Walker's (Miss.) R. 156; Wharton's Criminal Law, 314–15.

3. No cause of removal being shown, the husband is not liable to account with the wife. The provisions of the Code are not applicable to the case, because the parties chose to make their own contract, which creates and limits their rights. Under the rules which govern courts of chancery, when the parties are residing together, and the husband has possession of the wife's separate estate, he is not liable to account for the income. He is the proper person to keep the funds, and cannot be called to account, except in case of removal.

4. The proof shows that the boy Ely was purchased with the consent of the wife, and that so much of her funds as was used was paid by herself. If the trustee, by the consent of the *cestui que trust*, violates his duty, the latter cannot complain of it, but the trust estate will be subjected to indemnify the trustee.—Crutchfield v. Haynes, 14 Ala. 49.

WATTS, JUDGE & JACKSON, *contra.*—1. The marriage settlement creates a sole and separate estate in Mrs. Roper, during her natural life ; and her husband is created a naked trustee, without any interest whatever. The complainant is entitled, then, during her life, to the possession of the property, and has the right to control and manage it. She is also entitled, absolutely, to the rents, issues, proceeds and profits of the estate. The defendant admits, in his answer, that he asserts and exercises the right to the possession and absolute man-

17

agement of the property, and allows the complainant only such portion of the proceeds and profits as he, in his discretion, sees proper ; rights wholly inconsistent with the terms of the trust, and which, if allowed, would make the provision for the separate use of the wife entirely nugatory. The answer affords evidence, also, of his mismanagement of the trust estate in other respects. A trustee will be removed, on application to a court of equity, for any willful breach of trust ; or where he refuses to give possession to the *cestui que trust*, when it does not militate against the trust, and the *cestui que trust* is competent to sustain it; or when he improperly endeavors to evict the *cestui que trust* from the possession of the trust estate ; or where he neglects to receive and pay over the rents and profits of the land, when the trust is for that purpose ; or when he refuses to convey at the request of the party to whom the whole beneficial interest belongs ; or where he is guilty, in any other manner, in the management of the trust estate, of fraud, negligence, want of caution, misrepresentation, mistake, willful misconduct, or misapplication.—2 Maddock's Ch. Pr. 61 ; Willis on Trustees, (3 Law Library,) 106, 82.

2. The state of feeling now existing between the parties is, of itself, sufficient to justify the removal of the trustee, being incompatible with a proper execution of the trust.

WALKER, J.—It is alleged in complainant's bill, and, in effect, admitted in the answer, that the appellant has in his possession the property vested, by ante-nuptial deed, in him, as trustee for the exclusive use of his wife during her life ; and that he denies the wife's right to control and manage the same. By the ante-nuptial deed, the naked legal title alone is vested in the trustee : no duties are imposed upon him, to the discharge of which the control and possession of the property are necessary. The intention that the trustee shall control and possess the property is not indicated by the deed. The real estate is, and was at the date of the trust deed, the résidence of the *cestui que trust*. Much (if not all) of the other property is such that the enjoyment of it will consist in its possession and use. The trust is for *the sole and separate use* of the beneficiary, who does not seem incompetent to take

Roper v. Roper.

and manage the property ; and the possession of the property would not be inconsistent with the security and protection of the rights of the *cestui que trust*, or those in remainder. Under such circumstances, the *cestui que trust* is, in equity, entitled to the possession of the property, and the control of it, notwithstanding she is a feme covert and may have only a life estate.   To support our conclusion, we cite the authorities without comment.—Hill on Trustees, mar. pp. 272, 273, 384, 385, 428; Willis on Trustees, (10 Law Library,) mar. pp. 1190, 84 ; Young and Wife v. Miles' Executors, 10 B. Monroe, 287; Tidd v. Lester, 5 Maddock, 429 ; Hodges v. Wood, 12 Ala. 177 ; Barford v. Street, 16 Vesey, 135.

The fact that the trustee in this case is the husband of the *cestui que trust*, certainly does not militate against the equitable right of the latter to the possession and control of the property.   The wife is, as to her separate estate, regarded as a feme sole ; and the authorities are clear, that where the husband's rights are, as in this case, expressly excluded, the wife has a right, if she chooses to exercise it, to the dominion and control of the property.—Cook v. Kennerly & Smith, 12 Ala. 42 ; Collins v. Rudolph, 19 Ala. 616 ; Bradford and Wife v. Greenway, Henry & Smith, 17 Ala. 797 ; Jaques v. Methodist Episcopal Church, 17 Johnson, 561, opinion of Spencer, J. ; Hoot v. Sorrell, 11 Ala. 386 ; Forest v. Robinson, 4 Port. 44 ; Bell on Property of Husband and Wife, 498, (67 Law Library, 317); Pharis v. Leachman, 20 Ala. 685.

The appellant had no right, in equity, if we have correctly ascertained the law, in the capacity of either trustee or husband, to exclude the appellee from the possession and control of the property which composed the separate estate. If she should threaten or attempt to use the property in a manner detrimental to any interests in remainder, the preventive power of the chancery court would be adequate to their protection.

2. The bill alleges, and the defendant, in effect, admits, that the husband has denied to the wife the control of the property, and has assumed the exclusive right of its management. If this assumption were the result of fraudulent design, or indifference and disregard of the rights of the *cestui que trust*, or insensibility to the duties of his office, it would be proper

to remove the appellant from the position of trustee. But we are convinced, from the responsive allegations of the answer and the evidence, that the assumption of authority was the result of a misapprehension of his rights and duties, and not of an intention to invade the rights of another, or to violate the law. The evidence has also convinced us, that the trust estate has sustained no injury from such unauthorized exercise of power. Such a mistake might be innocently made by a competent trustee ; and it is not, therefore, of itself, a sufficient ground for his removal.—2 Story's Equity, pp. 722–23, §§ 1287, 1288, 1289 ; Hill on Trustees, 191, 192 ; Andrews v. Andrews, 28 Ala. 440 ; Lewis v. Cook & Mitchell, 18 Ala. 334.

We have examined the immense mass of testimony taken in this case ; and are of the opinion, that the evidence does not establish the unfitness or incapacity of appellant to fill the office of trustee, or his infidelity or negligence in that office, or that the relations between the appellant and appellee were, at the commencement of the suit, such, being the result of the appellant's misconduct, as to render him an unsuitable trustee. The evidence has not convinced us, that the appellant perpetrated any act of intentional misconduct, either as husband or trustee, up to the commencement of this suit. We do not consider the effect of the evidence in reference to the beating of the appellee since the commencement of this suit, because any rights which may have accrued therefrom are not the subject of cognizance in this case. A trustee ought not to be removed for a mere disagreement with the *cestui que trust*, not originating from his culpable act.—Clemens v. Caldwell, 7 B. Monroe, 171.

3. While we do not think the trustee in this case ought to have been removed, the appellee was entitled, in our judgment, to a decree against him for her establishment in the possession and control of the trust property. Such possession and control appertained to her as an equitable right ; she was deprived of it by the appellant ; and it is the duty of the chancery court to restore her to the enjoyment of that right.

4. The wife is entitled to the income and profits derived from her separate estate ; but if she lives with the husband, and the husband receives such income and profits, it will be pre-

sumed, in the absence of an express dissent on her part, to have been with her consent, and will be regarded as a gift to him.—Hill on Trustees, (2d Am. ed.) mar. pp. 425, 426, note 1 ; Macqueen on Husband and Wife, m. p. 299, (66 L. L. 90); Clancy's Husband and Wife, 354 ; Bell on Property of Husband and Wife, 497–500, (67 Law Li. 316); Moore's Ex'rs v. Ferguson, 2 Munford, 421 ; *Ex parte* Elder, in the matter of Williams, 2 Maddock, 287, note 1.

The bill alleges the receipt of the income from the trust estate by the trustee, in despite of the complainant's dissent. The answer admits the receipt of the income after 1850 ; but says that such receipt was with the complainant's consent, until December, 1852. The testimony does not show, to our satisfaction, that the wife ever objected to the reception of the income or proceeds from the separate estate, at an earlier day than is admitted in the answer ; and the parties were, until that time, living together. The husband ought, therefore, to be required to account with the wife only for rents and profits, or income, from the first of December, 1852.

5. Our conclusion is, that the proof was not sufficient to authorize a decree that the slave Ely should be regarded as trust property. The allegations of the bill, in reference to the purchase of this property, are denied by the answer ; and the *onus* of proof is thus cast upon the complainant. The only facts, upon which the complainant can rely for visiting the trust upon this slave, are, first, the declaration of appellant, at the time of this purchase, that he would pay a part of the purchase money, out of his cotton crop when sold ; secondly, that the purchase is shown by the answer to have been made at the request of the appellee ; and, thirdly, that about $170 was paid, in two notes, by the appellee. The first two of those facts are susceptible of a construction favorable to the appellant. The parties were then living together as husband and wife, and the former was in receipt of the income from the separate estate ; and he may reasonably be supposed to have purchased with the supposition that that condition of things would continue, and that therefore the proceeds of the cotton crop would be his by an express or implied gift from the wife. The request of the wife, that the purchase should be made, may be referred to her interest in

the affairs of her husband, in which, from her conjugal relation, she must have felt a concern. The making of a partial payment of the purchase money, for property previously bought with the funds of another, does not create a trust *pro tanto*, on the part of the owner of the funds, in the property bought. Foster v. Trustees of the Atheneum, 3 Ala. 309. At the time of the payment by the appellee of a part of the purchase money, she and her husband were living together, and he was in the receipt of her income as an implied gift; and upon the principles herein before settled, we·think such payment must be deemed a gift to the husband.

The decree of the court below is reversed, and the case remanded for further proceedings agreeably to and under this opinion. The next friend of the appellee must pay the costs of the appeal.