# Robinson *v.* O'Neal.

*Bill in Equity for Foreclosure of Mortgage, Account, &c.*

1.  *Wife's equitable separate estate ; how created and charged.*—Under the de-
cisions of this court, made prior to 1868, and now re-established under the
present organization of the court, a deed conveying property to a married wo-
man, to her "sole and separate use," creates in her an equitable (as contra-
distinguished from a statutory) separate estate; which, in the absence of words
restraining her power of alienation, she may mortgage, or otherwise charge,
as if she were sole and unmarried.

2.  *Execution, attestation, and acknowledgment of deed.*—An acknowledgment
of a deed by the grantor, in the form prescribed by the statute (Rev. Code, §§
1536, 1548), dispenses with the necessity for attesting witnesses, even when
the grantor signs by making his mark only.

APPEAL from the Chancery Court of Montgomery.
Heard before the Hon. H. AUSTILL.

The bill in this case was filed on the 8th August, 1867, by
Patrick Robinson, against Mary O'Neal and Catherine Cal-
ford; and sought the foreclosure of a mortgage on a city lot
in Montgomery, an account of the mortgage debt, and a sale
of the property.  The lot had belonged to John O'Neal,
since deceased, who, on the 9th January, 1861, conveyed it
by deed of gift to Mary O'Neal and Catherine Calford (his
wife and her daughter), "to their sole and separate use for-
ever."  The mortgage was dated the 10th July, 1866; was

given to secure the payment of a promissory note for $625, signed by Mrs. O'Neal, of even date with the mortgage ; was signed by said Mary O'Neal and John O'Neal, by their marks simply ; was acknowledged by them before a justice of the peace, whose certificate of their acknowledgment was in the form prescribed by the statute (Rev. Code, § 1548) ; and was admitted to record on that certificate. A decree *pro confesso*, on personal service, having been regularly taken against Mrs. O'Neal, and a formal answer having been filed by the guardian *ad litem* of Catherine Calford, a decree was rendered by the chancellor (Hon. N. W. COOKE) in favor of the complainant ; but that decree was reversed by this court, at its January term, 1871, as shown by the report of the case in 45th Ala. 526-39, and the cause was remanded. An answer to the bill was afterwards filed by Mrs. O'Neal, and the complainant subsequently filed an amended bill, setting up a prior mortgage on the land, which was alleged to have been given for a part of the purchase-money, and to have been transferred to the complainant. On final hearing, on pleadings and proof, the chancellor (Hon. H. AUSTILL) held, that the complainant was not entitled to any relief on the case made by the amended bill, and that the former opinion delivered by this court in the case compelled him to hold the mortgage null and void. He therefore dismissed the bill, and his decree is now assigned as error.

SAYRE & GRAVES, for appellant.

J. M. FALKNER, *contra.*

STONE, J.—Under the principles settled in *Short v. Battle*, 52 Ala. 456, the estate of Mary O'Neal in the lands described in the mortgage, which the bill seeks to foreclose, was her equitable separate estate. The decision in that case followed all the adjudications of this court up to the year 1868, most of which are referred to in the opinion. The decisions since 1868, asserting a different doctrine, are therein overruled, and the old principle re-established, that when the instrument creating the estate, no matter when executed, contains words which exclude the marital rights, then the estate is equitable, not statutory. In *Short v. Battle, supra,* speaking of such estates, this court said, "that as to such property, the wife should be regarded as a *feme sole,* having capacity to contract, alienate, or otherwise dispose of, or to charge it, unless restrained by the instrument creating the estate." The deed creating the estate in Mrs. O'Neal contains words which exclude the marital rights, without any

VOL. LVI.

[Robinson v. O'Neal.]

words which restrain the power to charge or alienate. It follows, that she had power to charge her interest in the lot in controversy, by mortgage duly executed by her.

The note of Mrs. O'Neal has subscribing witnesses. This, without more, was an equitable charge on her equitable separate estate. The mortgage was signed only with the mark of Mrs. O'Neal, and is not attested by subscribing witnesses. It was acknowledged by her, and such acknowledgment certified, strictly in accordance with the statute.—Rev. Code, §§ 1548, 1552. "Conveyances for the alienation of lands . . must be attested by one, or, where the party cannot write, by two witnesses, who are able to write, and who must write their names as witnesses."—Rev. Code, § 1535. In the next section (1536) it is declared, that " the acknowledgment hereinafter provided for operates as a compliance with the requisitions of the preceding section upon the subject of witnesses." This language is too explicit, too complete, to leave any room for construction. It is as broad as the section which requires subscribing witnesses, and makes the certificate supply their place. When a mortgage is acknowledged and certified as this was, it needs no attesting witnesses.—*Hendon v. White*, 52 Ala. 597; *Merritt v. Phenix*, 48 Ala. 87.

The final decree, foreclosing the mortgage, and ordering a sale of an undivided half interest of the property thereunder, was in all things correct ; and we find nothing irregular in the sale, confirmation thereof, and order putting the purchaser in possession jointly with Catherine Calford, the other tenant in common. We, therefore, re-establish the said original decree, and all that was done thereunder, as shown by this record ; and a decree is here rendered accordingly. The last decree of the chancellor, rendered in this cause, is reversed, and a decree here rendered, as shown above. Let the appellee pay the costs of the court below, incurred since the former reversal, and of this court.