# Allen, Ex'r, *v.* Terry, Trustee.

*Bill in Equity by Widow to charge Estate of her deceased Husband with Rents, Income and Profits derived from her Equitable Separate Estate, and collected by him.*

1. *Equitable separate estate; what constitutes.*—A marriage settlement by which the husband conveys real and personal property to a trustee for the " sole and separate use, benefit and behoof " of his wife, creates in her an equitable, as distinguished from a statutory, separate estate in the property conveyed.

2. *Power of wife over equitable estate.*—In a court of equity the wife has the same powers and rights over her equitable separate estate, as if she were a *feme sole;* and, unless specially restrained by the terms of the instrument creating the estate, she may dispose of it in any mode she may elect, and without the concurrence of the husband.

3. *Power of wife over rents, income and profits of her equitable estate.* The wife has also the power to receive and control the rents, income and profits of her equitable separate estate, free from the interference of the husband; and, under her general power of disposition, she may give them to the husband, as to any other person; and if the husband, while living with her, receives such rents, income and profits, it will be presumed, in the absence of an express dissent on her part, that they were received by him with her consent, and will be regarded as a gift by her to him.

4. *When husband not chargeable with rents, income and profits of wife's equitable estate; marriage settlement construed.*—By a marriage settlement a husband conveyed improved real estate and stock in a manufacturing corporation to a trustee for the " sole and separate use, benefit and behoof " of his wife, clothing her with the power " to possess, use, control and enjoy the same, and the proceeds and profits thereof, in such way and manner as she may deem fit and proper, and with power to dispose of the same, or any part thereof, either by transfer in writing, or deed of conveyance during her life, or by last will and testament; and if disposed of by her during her life, her trustee shall join with her in the transfer or conveyance ; " conferring on the trustee no power to manage or control

[Allen, Ex'r, v. Terry, Trustee.]

the property, but expressly relieving him of all responsibility in reference thereto; and further providing that if she should die, "without having made disposition of said property in any manner, then the same, whether it consist of money or other things, and the proceeds and profits thereof, shall descend to, and vest in her right heirs forever, share and share alike, to the exclusion" of the husband and his heirs. *Held*, on a bill filed by the wife to charge the estate of her deceased husband with rents, income and profits derived from the property conveyed by the instrument, and collected by him, that a proper construction of the marriage settlement is to confine the mode of disposition therein designated to the *corpus* of the estate thereby created and to its accretions, and not to extend it to moneys received by the husband from rents, income and profits; and that the husband's estate was not chargeable with rents, income and profits derived from such property, and collected by him, no express dissent on her part being shown.

APPEAL from Jefferson Chancery Court.
Heard before Hon. THOMAS COBBS.

The facts are sufficiently stated in the opinion.

M. J. PORTER, for appellant, cited *Roper v. Roper*, 29 Ala. 247; *Andrews v. Huckabee's Adm'r*, 30 Ala. 144; *Weems, Ex'r v. Bryan*, 21 Ala. 302; s. c. 25 Ala. 195; *Newlin, Fernley & Co. v. McAfee*, 64 Ala. 357; *Short v. Battle*, 52 Ala. 456; *Acker v. Bender*, 33 Ala. 230; *Bates v. Bank*, 2 Ala. 451; *Nesbitt v. Drew*, 17 Ala. 379; *Whitsett v. Womack*, 8 Ala. 466.

JNO. T. TERRY, *contra*, cited 1 Bish. on Married Women, §§ 844–6, 859, 867; *Fernley v. McAfee*, 64 Ala. 366; *Pybus v. Smith*, 3 Bro. (C. C.) 340; *Parkes v. White*, 11 Ves. 221; *Jodrell v. Jodrell*, 9 Beav. 59; *Morgan v. Elam*, 4 Yerg. 375; *Cooke v. Husbands*, 11 Md. 492; *Hoyle v. Smith*, 1 Head. 90; *Helmetag v. Frank*, 61 Ala. 67.

SOMERVILLE, J.—The present bill is filed by Mrs. Virginia Z. Allen, and the trustee of her separate estate, for the main purpose of charging the estate of her deceased husband with the rents, income and profits of such separate estate collected by the husband during his life-time. The property, from which these rents and incomes accrued, is claimed by the wife under the provisions of a marriage settlement by which the husband, Robert Allen, conveyed it to her trustee, Terry, "for her sole and separate use, benefit and behoof." There is no controversy about the fact that the words used in the conveyance create in the wife an *equitable* separate estate, as distinguished from a statutory one.—*Jones v. Reese*, 65 Ala. 134; *Miller v. Voss*, 62 Ala. 122. The powers and rights of the wife over such an estate, in a court of equity, have been uni-

[Allen, Ex'r, v. Terry, Trustee.]

formly settled to be those of a *feme sole.* Unless specially restrained by the terms of the instrument creating the estate, she may dispose of it in any mode she may elect, without the concurrence of the husband.—*Robinson v. O'Neal,* 56 Ala. 541; *Short v. Battle,* 52 Ala. 456. These principles are mere maxims of ancient equity jurisprudence, and we do not understand their verity to be impugned in this case.

The rule as to the rents, income and profits of the wife's separate estate of this character is equally well settled by the past decisions of this court. She is entitled to receive and control them herself, free from any interference of her husband; but she may give them to the husband, as she may to any other person, under her general power of disposition. Hence, it has been held that, if the husband, while living with her, receives such income and profits, it will be presumed, in the absence of *an express dissent* on her part, that they were received by her consent, and they will be regarded as a gift to him. *Gordon, Rankin & Co. v. Tweedy,* 71 Ala. 202; *Roper v. Roper,* 29 Ala. 247; *Andrews v. Huckabee,* 30 Ala. 143. This was the settled doctrine of the English courts of chancery; and from it followed the mere corollary, that, where such gift was express or implied, the wife was precluded, after the death of the husband, from charging his estate with what he had received.—*Pawlet v. Delaval,* 2 Vesey, sr., 663; *Milnes v. Busk,* 2 Vesey, jr., 488.

It is insisted, however, by appellee's counsel, that the marriage contract itself must be construed to *put a restraint* upon the wife's power of disposition of the *income and profits,* as well as of the *corpus* of the property in question; and that neither the one, nor the other could be disposed of by her, during her life, unless by instrument of *writing,* signed by her jointly with her trustee. We do not concur in this construction of the nuptial settlement. Conceding that the particular mode of disposition specified is exclusive, and negatives the exercise of any other mode, we think it applicable only to the *corpus* of the property, and not to the rents, income and profits, at least, when in the form of *money.* The property is conveyed to Mrs. Allen's trustee, for her sole and separate use, with the power to *her* to *possess, use, control and enjoy the* SAME, and the proceeds and profits thereof, in such way and manner as she may deem fit and proper, and with power to her to dispose of THE SAME, or any part thereof, either by transfer in writing, or deed of conveyance, during her life, or by last will and testament; and if disposed of by her during her life, her trustee shall join with her in the transfer or conveyance." The *corpus* of the property consists of certain improved real estate in the city of Birmingham, Alabama, and certain stocks in the Eagle

[Allen, Ex'r, v. Terry, Trustee.]

and Phœnix Manufacturing Company, in the State of Georgia. The trustee is given no power to manage or control the property, but is expressly relieved of all responsibility to do so. The instrument then provides, that if Mrs. Allen "depart this life, without having made disposition of *said property* in any manner, then the same, whether it consist of money or other things, and the proceeds and profits thereof, shall descend to and vest in her right heirs forever, share and share alike, to the exclusion of the said Robert Allen and his heirs." We think the more natural and reasonable construction of this instrument is, to confine the mode of disposition designated to the *corpus* of the estate and its accretions. It is safe, at least, to say that it has no application *to money received by way of rents and profits*. The law does not favor restrictions sought to 'be engrafted upon the *jus disponendi* of property,—a feature which is usually annexed to ownership, and imparts to it its most valuable characteristic. This is peculiarly true of money, which circulates by mere delivery from hand to hand. It can not be supposed that the parties to this agreement contemplated that the wife should transfer moneyed rents and income to the husband, or to any other person, by instrument in writing, duly signed by her and her trustee. No instrument must be construed so as to be productive of an absurdity which would violate the universal usages of business and commerce, unless its clear language exacts such a construction, and no other reasonable meaning can be eliminated.

This view is in harmony with the construction put by this court upon our statute imposing restrictions upon the power of married women to dispose of their statutory separate estates. It can not be supposed that the section of the Code, requiring the sale or conveyance of such species of property to be made by the husband and wife jointly, "by instrument of writing, attested by two witnesses," has any reference to *money* which is a part of the wife's statutory separate estate.—*Castleman v. Jeffries*, 60 Ala. 380, 391; *Marks v. Cowles*, 53 Ala. 499.

We think the chancellor erred in charging the estate of the husband with the moneys collected by him during his life-time, belonging to the rents, income and profits of Mrs. Allen's separate estate. The fair inference from the evidence is, that they were used by him in support of the family. At any rate, in the absence of the wife's dissent, the law raises the *presumption of a gift* to him by her.

The decree of the chancellor is reversed, and the cause is remanded.