# Crockett *v.* Lide.

*Action on Promissory Note, by Assignee against Maker.*

1. *Rents and profits of wife's equitable estate.*—As to her equitable separate estate, a married woman is regarded as a *femme sole,* and has the same power of dominion over the rents and profits as over the *corpus;* although her husband is her trustee, when no other trustee is appointed by the instrument creating the estate, and must sue at law for the recovery of the property.

2. *Same; presumption of gift to husband.*—The wife may make a gift to her husband of property belonging to her equitable estate, whether it be part of the *corpus,* or of the rents and income; and when she permits him to collect and receive the rents, and use or convert them to his own use during the coverture, a gift of them to him will be presumed after the lapse of a reasonable time, in the absence of proof of an express dissent on her part; but, where a note is taken by the husband, for the rent of lands belonging to the wife's equitable estate, payable to himself, and is transferred by him before maturity, the wife may assert her right to the rent, as against the assignee of the note, on the death of the husband before its payment or maturity; and a payment to her will protect the maker against an action by the assignee, when it is not shown that she had, during the life of the husband, notice or knowledge of the assignment.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JNO. P. HUBBARD.

This action was brought by Mary A. Lide, against Essex Crockett; was commenced by original attachment, sued out on the 4th October, 1880; and was founded on the defendant's note for $75, which was dated January 12th, 1880, payable on the 1st day of November then next, to B. Temple, by whom it was transferred to plaintiff, and purported on its face to be given "for land rent." The defendant pleaded, "in short by consent, 1st, *non assumpsit;* 2d, payment; and, 3d, a special

[Crockett v. Lide.]

plea, verified by the oath of *E. M. Temple*, which alleged that the plaintiff had no right to maintain the action, and was not the party really interested in the cause of action. The cause was tried on issue joined, and, under the charges of the court, resulted in a verdict and judgment for the plaintiff.

" On the trial," as the bill of exceptions states, the plaintiff having read the note in evidence, "the defendant then proved that, with notice of plaintiff's claim, he had paid the amount of said note, before the commencement of this suit, to Mrs. E. M. Temple, who was then the widow of said B. Temple, and was his wife at the time of the execution of said note; and that said payment was made after the death of said B. Temple, which occurred in June, 1880. It was proved, also, that said note was given for the rent of certain lands belonging to Mrs. E. M. Temple, of which plaintiff had knowledge, held by her under a certain deed (which was in evidence), executed on the 27th December, 1870, and duly recorded on said day, the *habendum* clause of which was in these words : 'To have and to hold to her, the said Evelyn M. Temple, to her sole, separate and exclusive use, forever, free from all and every debt, liability and contract of her husband, the said Bellville Temple, or of any future husband.' It was in proof, also, that on the 26th January, 1880, the plaintiff received said note and another from said B. Temple, as collateral security for the payment of $150, loaned money; that Mrs. Temple was not in this State when said transfer was made; that she never consented to it, or ratified it, and had no knowledge of it until after the death of her said husband. It was in proof, also, that Mrs. Temple and her said husband were married prior to 1870, and lived together as man and wife up to the time of his death; that one of the rent notes was used by him in 1873, with her consent, to purchase supplies from Munter; that another was used in a subsequent year, with her consent, with one Steiner, for supplies; and that two others were used in subsequent years, without her knowledge or consent, one with Pierce, and another with Dean. These notes were all taken payable to the said B. Temple, and there was no evidence of any dissent on the part of Mrs. Temple to said B. Temple taking said notes payable to himself, or of his using them; but she had no knowledge how he used said notes, other than as above stated.

" The court charged the jury as follows : If the jury find, from the evidence, that Dr. B. Temple, to whom the note was payable, and Mrs. E. M. Temple, were husband and wife, and were living together as husband and wife at that time, and were married prior to 1870; and that Dr. B. Temple received the rents of the lands from year to year, and there is no evidence of any express dissent on her part; it would be presumed to

[Crockett v. Lide.]

have been with her consent, and is regarded as a gift to her husband; and if the jury further find, from the evidence, that said note was delivered by Dr. Temple to the plaintiff, in January, 1880, as collateral security for a loan of $150, and the defendant had notice, before he paid said note to Mrs. Temple, that it was thus held by the plaintiff, then the plaintiff is entitled to recover."

The defendant duly excepted to this charge, and requested several charges in writing, among which was the following: "3. The husband has no more right to anticipate the income of the wife's separate equitable estate, by taking notes therefor and transferring them, for the rent of one year, than he has to do so for the rent of twenty years; and any one claiming the rent falling due after the husband's death, on such a note, must show an authority from the wife to the husband to make the transfer." The court refused this charge, and the defendant excepted to its refusal; and he now assigns as error the charge given, and the refusal of the several charges asked.

SAYRE & GRAVES, for appellant.—At common law, the husband acquired by the marriage an estate in the lands of the wife during coverture at least, and consequently in its rents and profits; and this estate might be sold under execution against him. But this estate, unless enlarged into an estate for life, ended when the coverture ceased; and on the death of the husband, the wife's right to the unpaid rents became absolute: the accruing rent was a *chose in action*, and survived to the wife. *Bibb v. McKinley*, 9 Porter, 641. But, under the deed to Mrs. Temple, she held the land as a separate equitable estate, in which the husband had no estate or interest—neither in the land itself, nor in the income and profits.—*Roper v. Roper*, 29 Ala. 251. If the husband had collected the rents, and had used the money, with the knowledge of the wife, and without objection on her part, a gift to him might be presumed, as in the case last cited. But the facts shown by the record leave no room for such presumption. The note was a mere *chose in action*, and was transferred before maturity; the husband died before it became due; the transfer was made without the knowledge or consent of the wife, and the transferree knew that it was given for the rent of her land. The transfer passed only the interest of the husband, if any thing; and can not prevail against the claim of the wife, who might have enjoined the collection of the note by the husband himself. The fact that she permitted him to use certain other notes, given for rent, for a special purpose, repels the idea that he had any general power to use her notes, or this particular note, for his own purposes. As to the husband's right to assign the wife's

[Crockett v. Lide.]

*choses in action*, and as to the effect of such assignment on the rights of the wife, see *George v. Goldsby*, 23 Ala. 332; *Purdew v. Jackson*, 1 Russ. (Eng. Ch.) 42; *Honner v. Morton*, 3 *Ib.* 65.

CLOPTON, HERBERT & CHAMBERS, *contra.*—Where husband and wife are living together, and he collects or receives the income and profits of her equitable estate, it will be presumed to have been done with her consent, in the absence of an express dissent on her part, and will be regarded as a gift to him. *Roper v. Roper*, 29 Ala. 247, and authorities there cited; *Andrews v. Huckabee*, 30 Ala. 143; 2 Bright on H. & W. 259; *Beresford v. Armagh*, 13 Sim. 643. In aid of this presumption, in this case, it was shown that the husband had taken the notes for rent, year after year, payable to himself, and had used them with the wife's consent.

SOMERVILLE, J.—The only question raised involves the right of the husband to transfer the *rents* of the wife's *equitable* separate estate, without her express consent, and by way of anticipation before such rents are actually due and payable. The note sued on was given for the rent of the wife's land for the year 1880, being made payable to the husband, on the first day of November of that year. He transferred the note to the plaintiff, for value, without the knowledge or consent of the wife. He died in June of the same year, before the note became due; and, upon the claim of the widow, the tenant paid the rent in controversy to her, refusing to recognize the validity of the transfer. This payment is set up as a defense in the present action on the rent-note, and was sustained by the court below.

If the consideration of the note had been the rents of the wife's *statutory* separate estate, and it had been *due*, so as to sever it from the reversion, it may be that a recovery might be had, under the previous decisions of this court.— *Westmoreland v. Foster*, 60 Ala. 448; *Lee v. Tannenbaum*, 62 Ala. 501. This, however, is not the question, as the rights and authority of the husband, in respect to these two classes of separate estates, are entirely different. Where no other trustee is named in the instrument creating an *equitable* separate estate to the wife's sole and separate use, the law appoints the husband as such trustee; and the legal title of the property vests in him, in all cases, where he reduces it to possession, so that he alone must sue for its recovery at law.—*Pickens v. Oliver*, 29 Ala. 528; *Friend v. Oliver*, 27 Ala. 532; *McCall v. Jones*, 72 Ala. 368. He has no interest in such property in his own right, or other than as trustee.—2 Kent's Com. 162. It can not be subjected to the payment of his debts by his creditors, without the consent of

[Crockett v. Lide.]

the wife.—*Calhoun v. Cozens*, 3 Ala. 498; *Flanagan v. State Bank*, 32 Ala. 508. If, by the wife's consent, he undertakes to control and manage the property, he does so in his capacity as trustee, and it his duty to collect and *preserve* the income and profits.—1 Bish. Marr. Women, § 801. He is not permitted to usurp her right of dominion or management, however, without her acquiescence.—*Roper v. Roper*, 29 Ala. 247. If he appropriated such rents or profits to his own uses, he, or his personal representative, can be held to account to the wife for them, provided she satisfactorily prove her *dissent* from, or objection to such appropriation.—*Allen v. Terry*, 73 Ala. 123. If he collects such rents or income, he may, like any other trustee, be ordered by a court of equity to pay the proceeds over to the wife, unless it can be inferred that the wife has precluded her rights by a *donation* of them to him.—*Collins v. Collins*, 2 Paige, 9. The wife, in other words, is the owner of the rents and income of her equitable separate estate, just as fully as of the *corpus* of such property, and she has the same power of dominion over them. She may deal with such property as a *femme sole*, possessing the unquestionable authority to charge, transfer, mortgage or convey it without the husband's concurrence.—*Short v. Battle*, 52 Ala. 456. She may, however, make *a gift* of her separate estate to her husband, just as she may to any other person, the courts always exercising a proper watchfulness over such transactions, based upon the apprehension and frequent danger of undue influence.

So far as concerns the *income and profits*, the rule is settled in this State, as elsewhere, that if the husband reduces them to possession, and uses or converts them to his own use, during the continuance of coverture, and while he continues to reside with the wife, it will be presumed, after the lapse of a reasonable time, and in the absence of *express dissent* on her part, to have been with her consent, and will be regarded as a *gift* to him.—*Roper v. Roper*, 29 Ala. 247; *Gordon, Rankin & Co. v. Tweedy*, 71 Ala. 202; Hill on Trustees, 425–6. This is quite as far as the authorities seem to have carried the principle.

It is obvious that there can be no gift from one person to another, without the mutual consent and concurrent will of both parties. The donor must intend to part with the dominion as well as the possession of the thing donated. The above rule of law is one merely of presumptive evidence. If the rents or income of the wife's equitable separate estate, *as such*, be collected in money or property, and be converted by the husband after coming into his possession, there prevails a presumption of the wife's consent; and if she fails to dissent from such appropriation within a reasonable time, her silence

20

[Ryan v. Beard's Heirs.]

will be construed into a ratification of the conversion, and this will constitute a gift. The policy of the rule is to preserve domestic peace and promote domestic harmony in the marital relationship.

The rent-note in controversy is shown to have been taken payable to the husband of Mrs. Temple, but no inference of a gift to him by her can be properly drawn from this fact, even if the wife had knowledge of it, which is not proved. The note was not the rent itself, but only a written promise to pay it. It was no breach of trust that the husband should have taken it payable to himself. This he must be presumed to have done as *trustee* or *agent* of the wife, being fully authorized by law, in this capacity, to manage the wife's separate estate by her consent and acquiescence.—1 Whart. Contr. § 85; 1 Bish. Marr. Women, § 801.

It is shown, also, that the wife was ignorant of the fact that the note had been transferred by her husband to the plaintiff, until after the husband's death. Nor is there any evidence showing her ratification of, or consent to such transfer. In view of her ignorance, therefore, it can not be maintained with any show of reason that there was a gift of *the note*. She had no reason to apprehend that he had transferred it, or otherwise converted it to his own use. Hence no room remains for any inference of a donation, based upon consent, express or implied.

In view of these principles, the plaintiff, under the evidence set out in the bill of exceptions, was not entitled to recover. The court erred in refusing the third charge requested by the appellant. The other rulings we need not consider.

Reversed and remanded.