# Allen, Ex'r, v. Allen.

*Bill in Equity by Widow to charge Estate of her Deceased Husband with Rents, Income and Profits derived from her Equitable Separate Estate, and Collected by Him.*

1. *Power of wife over rents, income and profits of her equitable separate estate.*—As to the rents, income and profits of the wife's equitable estate, she is entitled to receive and control them herself, without any interference on the part of her husband ; but she may give them to him, as she might to any other person ; and if, while they are living together, she allows him to receive the rents, income and profits, without objection, a gift t› him will be presumed, and she can not charge his estate after death.

2. *Same ; liability of husband's estate to account for use and occupation of wife's house.*—As to the rents and dividends of the wife's property actually received by the husband in this case, the proof showing that she always claimed them, and that he admitted her claim, and promised to pay it, she is entitled to a decree against his estate ; but as to the husband's liability for the use and occupation of the wife's house, in common with her and the other members of their family, if such claim could be allowed in any case, "it would require much clearer and stronger proof than is shown in this case."

Appeal from Jefferson Chancery Court.

Heard before Hon. Thomas Cobbs.

This cause was before the court at a former term.—*Allen v. Terry*, 73 Ala. 123. The facts sufficiently appear from the opinion taken in connection with the previous report.

[Allen, Ex'r, v. Allen.]

HEWITT, WALKER & PORTER, for appellants.

JAMES J. GARRETT, *contra.*

STONE, C. J.—There can be no question that the deed of conveyance from Robert Allen to John T. Terry, trustee, for the use and benefit of Mrs. Virginia Z. Allen, bearing the date of January 26, 1875, excluded the marital rights of the former, and vested in the latter, his then wife, an equitable separate estate, secured to her "sole and separate use, benefit and behoof." The deed conveyed ten shares in a cotton factory, about which the present record presents but little contention. It also conveyed a two thirds interest in a house and lot in the city of Birmingham. The house in its lower floor consisted of stores, and the upper rooms were adapted to hotel or boarding house uses. The stores were sometimes rented, sometimes unoccupied, and one of them was at one time occupied by Robert Allen, in the sale of merchandise. The upper rooms were part of the time, occupied by Robert Allen as a hotel, in which he and his family resided. At another time these rooms were let to rent, Allen and his family occupying some of the rooms, and being boarded by their tenant in part payment of rent. For a part of the time no rent was realized. Between the time when Robert Allen conveyed the two thirds interest in the property to Terry, for the sole and separate use of Mrs. Allen, and the death of the former, there was a period of about four years. The object of the present bill, filed by Mrs. Allen the widow, is to recover from the estate of Robert Allen the rents of the said property that were realized, and for the use and occupation of the property, from the time the deed of settlement was made, February 26, 1872, until the death of her husband, four years afterwards. Terry was first made a co-complainant with Mrs. Allen ; but being trustee of a dry trust, charged with no duties, the bill was amended by striking out his name, and Mrs. Allen was left as sole complainant.

This case was before us at a former term. *Allen v. Terry,* 73 Ala. 123. The amendment referred to above was made after the case returned from this court. We ruled on that appeal, in reference to the rents, income and profits of the wife's equitable separate estate, that "she is entitled to receive and control them herself, free from any interference of her husband ; but we said she may give them to the husband, as she may to any other person, under her general power of disposition. Hence," we added, "it has been held that if the husband, while living with her, receives such income and profits, it will be presumed, in the absence of an express dis-

sent on her part, that they were received by her consent, and they will be regarded as a gift to him." We added: "This was the settled doctrine of the English Courts of Chancery; and from it followed the mere corollary, that where such gift was express or implied, the wife was precluded, after the death of the husband, from charging his estate with what he had received." In this we only followed the English authorities, and the ruling of this court in *Roper v. Roper*, 29 Ala. 247; See *Gordon v. Tweedy*, 71 Ala. 202, 213; *Newlin v McAfee*, 64 Ala. 357.

Mr. Terry, who testifies very fully, proves that Mrs. Allen, on several occasions, complained that *she* did not, while her husband *did* collect and realize the dividends on her stock in the cotton factory, and the rents and income of her real estate. These, she desired, should be invested in a lot and residence for herself. Mr. Terry had interviews with Mr. Allen in reference to these claims, but the latter pleaded inability then to pay, but promised that he would pay when able. These interviews and this testimony refer to the dividends actually collected and the moneys actually realized from rents. Nothing said by him tends to show that any reference was had to the mere use and occupation of the property by Mr. Allen and his family. Nor does he prove that Mrs. Allen ever complained of her husband's occupation of her property. The other witness, Miss Philips, who testifies on this subject, makes no satisfactory proof that Mrs. Allen objected to the property being occupied by the family, herself included, and fails to satisfy us that the wife claimed rents for her husband's occupation, or that he promised to pay her for such use and occupation. The remark imputed to Mr. Allen, when he was lying sick, is too indefinite and ambiguous to found positive relief upon. We hold that complainant, as to her claim for use and occupation, has not overcome the presumption of a gift, even if under any circumstances she could recover from her husband for their joint use and occupation of property secured to her sole and separate use.

We think the dividends and rents of the property actually received and collected by Mr. Allen, and not accounted for, stand on a very different footing from the use and occupation of the property by Mr. Allen, or by him and his family. As to the former, the proof is clear that Mrs. Allen claimed it, and that Mr. Allen admitted the claim, and promised to pay it. For this his estate is liable. As to the use and occupation, Mrs. Allen enjoyed it in common with her husband, and there is no satisfactory proof that she ever claimed compensation for it. If in any case a wife, using or occupying her equitable separate property, with her husband, and enjoy-

[Hayes v. Mitchell.]

ing with him such use and occupation as a common home, and as a common source of support, can claim from him, or from his estate, hire or rent for such use and occupation, it should require a much clearer case, and much stronger proof than are shown in this case. *Moore v. Ferguson*, 2 Munf. 421; *Powell v. Hanke*, 2 Pre. Wms. 82; *Crockett v. Lich*, 74 Ala. 301; McQeen H. & W. \*298, \*299; *Dalbiac v. Dalbiac*, 16 Ves. 116; *McGlinsey's Appeal*, 14 Serg. 64; *Shirley v. Shirley*, 9 Paige 363; *Meth. Epis. Ch. v. Jaques*, 3 Johns. Ch. 77; Clancy H. & W. 364; *Gordon v. Tweedy*, 71 Ala. 202; *Allen v. Terry*, 73 Ala. 123; *Cram v. Brice*, 7 M. & W. 183.

The special register reported two hundred and twenty five dollars as the sum, and only sum of rents collected by Robert Allen. There was no exception to his report, and it should have been affirmed.

The decree of the chancellor is reversed, and a decree here rendered, directing the special register to report an account with interest, charging the estate of Robert Allen with the dividends collected by him on the ten shares in a cotton factory, and with the two hundred and twenty five dollars, rent collected, or such part as is due to the two-thirds interest owned by Allen. Against this he will allow as credits, also with interest, the sums expended by Robert Allen in repairs and improvements. The taxes paid by him stand on a somewhat different footing. We think we do substantial justice by allowing him credit for one half the taxes paid by him, with interest, and we so order. This order as to interest, and the recovery of taxes, is made on the peculiar facts of this case.

Reversed and rendered.