[Scharf v. Moore.]

# Scharf v. Moore.

*Action against Indorser of Promissory Note.*

1. *Action against endorser of note; plea demurrable for indefiniteness and failure to aver consideration for release.*—In an action against one of the indorsers of a note, a plea that, since the execution and delivery of the note to the plaintiff, she has, without the knowledge or consent of the defendant, erased and changed the same for the purpose of relieving another indorser, whereby such other indorser was released, is defective for indefiniteness of averment and in failing to aver a consideration for the alleged release; and a demurrer based upon these defects is properly sustained.

2. *Husband and wife; married woman can not dispose of her separate property without the assent and concurrence of her husband.*—Under the provisions of the statute defining the rights and liabilities of married women, (Code, §§ 2341, 2448, 2351), the distinction between equitable and statutory estates in the wife is abrogated, except in cases where the property is conveyed to an active trustee for her benefit; and a married woman, without the intervention of an active trustee, can not release or dispose of her separate property without the assent or concurrence of her husband.

3. *Action by married woman against indorser of note held by her; judgment proper against defendant, notwithstanding attempted release of another indorser.*—Where, in an action by a married woman against one of the indorsers of a note which was held by her without the intervention of an active trustee, the defendant defends on the ground that he is released from all liability on said note by reason of the plaintiff erasing the name of one the other indorsers, thereby releasing him without defendant's consent, and it is shown that the alleged release of defendant's co-indorser was without consideration and without the assent or concurrence of plaintiff's husband, a judgment is properly rendered against defendant; the alleged release of the other indorser being void and of no effect.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This action was brought by the appellee against the appellant, to recover $550 alleged to be due by defendant as indorser on a note, which had been executed to the plaintiff by one J. K. Bayliss and wife.

The defendant pleaded the general issue, and several special pleas. In the third plea he set up the defense of

usury, averring that only $500 was borrowed, and the makers of the note promised to pay $50 interest for one year on said amount. The fourth plea was in the following language : "And for further ånswer to the said complaint this defendant says : That at the time defendant endorsed said note he did so upon condition that H. F. McFarlin, Oliver Weiser and J. M. Frith would also endorse said note. That all the other endorsers of said note except Henry F. McFarlin have since become insolvent and are now insolvent and were insolvent before the bringing of this suit. That before the filing of this suit the plaintiff intentionally, without the knowledge or consent of defendant, erased the name of H. F. McFarlin from said note, and released him as such endorser; and at the same time she released him both the makers and all the endorsers, except said McFarlin were insolvent, wherefore this defendant was also released."

The other pleadings, and the rulings of the court thereon, are sufficiently stated in the opinion. The facts are also sufficiently stated in the opinion. The cause was tried without the intervention of a jury, and upon the hearing of all the evidence, the court rendered judgment for the plaintiff, and defendant appeals.

McCURLEY & HAIL and WADE & VAUGHAN, for appellant.—The effect of a material alteration of a written contract is to nullify and destroy the altered instrument as a legal obligation.—2 Daniel on Negotiable Instruments, §§ 1373–75 ; Byles on Bills, (7th Ed.), 323. "Any change as to the parties to a bill or note is a material alteration." 2 Daniel on Neg. Instr., § 1387. Striking out the name of an endorser is a material alteration.—2 Daniel on Neg. Instr.,§ 1390. The deliberate cancellation or erasure by the holder of a promissory note of an indorser thereon discharges such indorser and the subsequent indorsers.—1 Brick. Dig. §§ 10, 11, p. 69 ; *Brown v. Williams*, 4 Wend. 360 ; *Lynch v. Reynolds*, 16 Johns. 41 ; *Sargent v. Appleton*, 6 Mass. 85 ; *English v. Darley*, 3 Esp. 49 ; *Hall v. McHenry*, 19 Iowa 521 ; *Mason v. Bradley*, 11 Mees. & Wels. 590; *Gillette v. Sweat*, 1 Gilm. 475.

GILLESPY & SMYER, *contra*.

HARALSON, J.—A jury waived in this case, and the

cause was tried by and before the presiding judge without the intervention of a jury.

I. The first error assigned is, "that the court erred in sustaining the demurrer to the 5th plea filed in said cause."

The 5th plea is: "That since the note sued on in this case was executed and delivered to the plaintiff, she has, without the knowledge or consent of this defendant, erased and changed the same for the purpose of relieving said McFarlin, whereby one of the endorsers, H. F. McFarlin, has been released." The plea was demurred to on several grounds, among which were, that there is no averment in it that there was any consideration for the release which is claimed; that there is no averment that the alleged release of the endorser, McFarlin, was in writing, or that the mere erasing of his name from the note was not of itself sufficient to release him, and that the plea shows that the endorsers on said note were joint and several, and the release of McFarlin would not release defendant.

The plea is defective for its generality, and indefiniteness of averment, in that it does not aver with any degree of certainty in what the alleged release consisted—its statement in that respect being no more, than that plaintiff "erased and changed the same for the purpose of releasing said McFarlin, whereby one of the endorsers, McFarlin, was released." Again, the rule is that it requires a consideration, though it may be slight, to support a release. Such a consideration is as essential to a release as to a contract, and unless there is a consideration, the attempted release is *nudum pactum*.—20 Am. & Eng. Encyc. of Law, 744; 2 Dan. on Neg. Instr., § 1290; *Benjamin v. McConnell*, 9 Ill. 536; *Weaver v. Fries*, 85 Ill. 361; *Kidder v. Kidder*, 33 Penn. St. 268; *Nesbitt v. McGehee*, 26 Ala. 757; *Thompson v. Dill*, 30 Ala. 444; *Maness v. Henry*, 96 Ala. 454. This plea is defective, therefore, and was liable to the demurrer interposed, certainly, on the ground that it lacked an averment of a consideration for the alleged release.

II. The second assignment of error is, that "the court erred in sustaining the demurrer to the 2d replication to the 4th plea, filed in said cause." The judgment entry is, "the demurrer to the rejoinder to 2d replication to the 4th plea was, by the court, heard and sustained."

This entry correctly describes the ruling; the error assigned does not; but, we take it, such was the intention of the counsel, and we treat the error as accurately assigned, as the lack of conciseness is slight and the intention obvious.

The replication sets up the defense, that the alleged erasure of the name of H. F. McFarlin from said note was no erasure of his name as endorser, "and no alteration of said note, and that plaintiff was a married woman, at the time she executed a release to said H. F. McFarlin, and the same was executed without her husband's assent or concurrence, and without any consideration." The rejoinder to this replication was : "That the note sued on in said cause, and from which the endorser, H. F. McFarlin, is claimed to have been released from payment, was the proceeds of plaintiff's equitable separate estate, and that the transaction was entered into by her as a *feme sole,* and that the subject matter pertained to her equitable separate estate, and that she had a right to release said McFarlin." The demurrer to this rejoinder was : "That the wife has no power to contract as regards any property owned by her, without the assent and concurrence of the husband ; that she has no power to release any party owing a debt to her, or enter into a contract or execute a release as *feme sole,* without the assent or concurrence of her husband." There is no averment, as is seen, that this estate was created by a conveyance to an active trustee for the wife, and we must presume there was none.

We have thus the question presented, whether or not a married woman may release the endorser on a note payable to her, without the assent and concurrence of her husband, if the proceeds of the note are her equitable separate estate, held without the intervention of an active trustee. The rejoinder, in the averment that the note was her equitable separate estate, is the statement of a legal conclusion, but it was not demurred to on this account, and we do not consider whether it was defective for this reason or not. Nor did the rejoinder deny the averment of the replication, that the supposed release was executed without any consideration, and it was probably defective for this reason, but there was no ground of demurrer raised for this omission.

Section 2341 of the Code provides, that "all property

[Scharf v. Moore.]

of the wife, held by her previous to the marriage, or to which she may become entitled after marriage, *in any manner*, is the separate property of the wife, and is not subject to the liabilities of the husband." All the property acquired by the wife under statute before, and held on, the 28th February, 1887, of which the foregoing section was a part, as to all transactions occurring afterwards, passed immediately under the operation and effect of the act that day passed, entitled an act "to define the rights and liabilities of husband and wife."—*Jernigan v. Flowers*, 94 Ala. 511; *Maxwell v. Grace*, 85 Ala. 579; *Jordan v. Smith*, 83 Ala. 299; *Rooney v. Michael*, 84 Ala. 589. Before this statute was passed, the wife had the power, by contracts lawfully made, to charge her equitable separate estate.—*Rabitte v. Orr*, 83 Ala. 189; *Loeb v. McCullough*, 78 Ala. 535; *Allen v. Terry*, 73 Ala. 123; *Short v. Battle*, 52 Ala. 460; 3 Brick. Dig. 548, § 85. It is now provided that "the personal property of the wife or any portion thereof may be sold, exchanged, or otherwise conveyed or disposed of by the husband and wife, by parol, or otherwise." The concurrence of both of them, to any such disposition of it, is necessary.—Code, § 2348; *Steiner v. Tranum*, 98 Ala. 315.

Section 2351 of the Code provides "that all property of the wife, whether acquired by descent or inheritance or gift, devise or bequest, or by contract or conveyance, or by gift from a contract with the husband, is the separate property of the wife within the meaning, and is subject to all the provisions, of this article, saving and excepting only such property as may be conveyed to an active trustee for her benefit." In construing this section we said, in *Rooney v. Michael*, 84 Ala., *supra:* "The distinction which has heretofore prevailed and been preserved between equitable and statutory separate estates is abrogated, except in cases where the property is conveyed to an active trustee—a trustee having some duties to perform in reference to the property. With this single exception, equitable separate estates are now statutory. The right or power of the wife to bind or charge as a *feme sole* her equitable separate estate, created by conveyance directly to her, is taken away. She has full capacity to contract concerning such separate estates only in writing, and with the assent or concurrence of her husband expressed in writing. * * *

She can not bind or charge it by any promise or act of her own."—*Bruce v. Bruce*, 95 Ala. 563. If the note sued on was the plaintiff's equitable separate estate, without the intervention of an active trustee, under our present statutes, she had no right to release or otherwise dispose of it, without the assent or concurrence of her husband, The demurrer to the rejoinder was, therefore, properly sustained, as it contained no averment that the husband of the plaintiff assented to or concurred in the alleged release.

III. Issue was joined on the first plea of payment, on the third of usury, and on plaintiff's 2d replication to the 4th plea, and trial was had on such issues; and the remaining assignments of error question the correctness of the finding and judgment of the court.

The evidence in the cause was without conflict. The plaintiff read her note in evidence, and proved that on the 20th day of February, 1891, said note was duly and legally protested for non-payment, and notice thereof given to the defendant and the other endorsers thereon, that $100 had been paid and credited thereon, and that $40 was a reasonable attorney's fee for the collection of the remainder. On this state of proof she rested her cause, and the defendant proved by J. K. Bayliss, one of the makers of the note, that on the 17th day of February, 1890, he borrowed from the plaintiff, $500, for which he and his wife executed to her the note sued on, for $550, payable one year after date, with H. F. McFarlin, Oliver Weiser, Simon Scharf, the defendant, and J. M. Frith as endorsers; that all of the endorsers were, at that time, solvent, but they have all, since, become insolvent, except H. F. McFarlin and Simon Scharf; that a short while after the note was given to the plaintiff, McFarlin, one of the endorsers, came to witness in Avondale, where he lived, and desired him to get Mrs. Moore, the plaintiff, to scratch his name off of said note, as one of its endorsers; that he wrote to her at Springville, and asked her to do so, and she replied that she had complied with his request; that on 24th March, 1890, the plaintiff was in the store in Avondale where he was staying, and showed him the note, and a lead pencil mark had been run through the name of said McFarlin, endorser, but it was very dim, and he suggested it had better be more heavily scratched, and she told him, as

she had her gloves on, to do it, and by her direction he made two or three deep pencil lines through the name. He requested her to give him a written release, and she requested witness to write it, which he did as follows: "Avondale, 3–24, 1890. Mr. Bayliss: I have this day scratched Mr. Henry McFarlin's name off the note given by you and Mrs. Bayliss, February 17, 1890, due in twelve months, for $550. Harriett E. Moore." Defendant offerred and read this release in evidence. It was further shown by said witness, that neither of the endorsers were present when said McFarlin's name was "scratched off" of said note or when the written release was executed by the plaintiff. And this was all of the defendant's evidence.

The plaintiff, in rebuttal, testified that she is a married woman and did not have her husband's consent expressed in writing to contract at the time she authorized J. K. Bayliss "to scratch" the name of H. F. McFarlin, one of the endorsers, off of the note sued on; that she had an estate of her own, and on the 17th day of February, 1890, M. C. and J. K. Bayliss borrowed from her the sum of $500, and executed to her their promissory note for $550, payable on the 17th day of February, 1891, and on maturity of note, not having been paid, it was protested for non-payment; that when the note was delivered to her by Bayliss, it was endorsed with the names of all of said endorsers on it, and she required it to be so endorsed, before she would let him have the money on it. She gave substantially the same account of the manner in which said note was scratched and the giving of said written release that Bayliss gave—that she told him she knew nothing about how to do such things and trusted him in the matter; that the note had been in the hands of the bank for collection for some time, and since she executed the release she had not erased any marks over the name of McFarlin on the back of the note, nor had she directed any one else to do so.

On this evidence, the court rendered judgment for plaintiff for $440, holding the plea of usury to have been sustained. The appellant raises no question as to the amount of the judgment, and questions its correctness alone on the ground, that it was rendered on a note from which the plaintiff, the payee therein, had erased the name of one of the endorsers thereon, without the con-

sent of the others, and had, thereby, released the defendant, one of said endorsers. We hold there was no error in the judgment rendered for the following reasons : The note as appears was plaintiff's statutory or equitable estate, held without the intervention of an active trustee; the release which appellant contends had the effect to discharge the endorser, McFarlin, from the note, and on which he relies, is shown to have been executed without any consideration, and the alleged release, whether it consisted in scratching the name of the endorser off the note, or by the writing which was executed—the one had no more validity than the other—having been given or made by plaintiff without any consideration, and without the concurrence and assent of her husband, was void and of no effect. Authorities *supra*.

Affirmed.

McClellan, J., dissenting.